### No. 146

### SWARTZ v. POSTAL TELE. CO.

Ohio Appeals, 8th Dist., Cuyahoga Co.

Decided Sept. 20, 1926

1163. TELEGRAPH & TELEPHONES — When an employee of a company attempts to accomodate a customer thereby varying the written contract on back of the telegram, no action lies against the telegraph company for failure of employee to abide by his agreement.

First Publication of this Opinion

SULLIVAN, J.

This cause is an error proceeding from the Municipal Court of Cleveland in which Max A. Swartz seeks to reverse a judgment rendered against him. Swartz claims that upon July 12, 1924, there were certain litigations pending in the Cleveland Municipal Court, and

he being a resident of Philadelphia, was coming on that day to be present at the trial. The case was continued to July 28, 1924, and counsel for Swartz attempted to notify him of the continuance by Postal Telegraph. The person who took the telegram promising Swartz's counsel that if same could not be delivered, he would notify him. The telegram was never delivered, and counsel for Swartz was never notified, Swartz coming on to Cleveland on July 12th. The suit in the lower court was to recover for his traveling expenses and lost time. The Court of Appeals held:

1. From a reading of the contract on the back of the telegram, it is seen that the agreement, ie. that counsel for Swartz be notified of non-delivery, is not binding upon the company as no authority is given therein to an employee to vary the terms of said agreement.

2. As telegraph companies are governed and regulated by the interstate commerce acts and to enforce the accomodation upon the Cleveland office would be in violation of an act of Congress, it being held in 7 OA. 90 that stipulations on back of the telegrams are binding.

(Levine, PJ., and Vickery, J., concur.)

Attorneys—Gordon & Gordon for Swartz; Cook, McGowan, Foote, Bushnell & Burgess for Company; all of Cleveland.